In the Matter of Emilio Rossi, Appellant, v. Francis L. Corrao, an Attorney and Counselor at Law, Respondent, for Deceit and Fraud, etc.— Orders affirmed, with ten dollars costs of one appeal and disbursements in both. No opinion. All concurred, except Jenks, J., not sitting.

Joseph M. Colin, an Infant, by Abraham B. Cohn, his Guardian ad Litem, Appellant, v. Jacob Levin, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Philip Schuell, Appellant, v. The Mutual Life Insurance Company of New York, Respondent.— Transferred to the first department.

Benjamin Kramer, Respondent, v. William S. Hofstatter, Appellant.— Order modified, so as to impose as a condition for granting a new trial, that the plaintiff within twenty days pay to the defendant the trial fee and disbursements of the trial to be taxed, and as modified affirmed, without costs of this appeal to either party. All concurred. (See *Bailey* v. *Park*, 5 Hun, 41.)

Thomas F. Farrell, Appellant, v. Gabriel M. Writer, Respondent.— Judgment affirmed on argument, with costs.

Henry Bielenberg, Respondent, v. Lena Furber, Appellant.— Judgment affirmed on argument, with costs.

Robert C. Rudd, Respondent, v. John Magee and Others, Appellants, Impleaded, etc.— Motion denied.

Michael Berry, Respondent, v. The Atlantic Storage Company, Appellant.— Motion for reargument or for leave to appeal to the Court of Appeals denied; proceedings to enforce judgment stayed for ten days.

In the Matter of the Application of a Majority of the Directors of the Jackman Shoe Manufacturing Company for a Final Order Dissolving said Corporation.— Motion to dismiss appeal granted, unless the appellant file and serve the requisite papers on appeal within ten days from the date of this decision.

In the Matter of the Application of Henry R. Clark, Respondent, v. John Miller, an Attorney, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

In the Matter of the Application of Susan D. Gardner and Melissa Gardner, Respondents, for the Refunding of Certain Taxes. The Board of Supervisors of Rockland County, Appellant.— Order reversed, with ten dollars costs and disbursements, on the opinion in *Matter of Reid*, decided herewith (*ante*, p. 243). All concurred.

Emil Nielsen, Respondent, v. Norwegian-American Seamen's Association, Appellant. —Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

Isabella M. Burton, Respondent, v. J. Howard Burton, Appellant.— Judgment and order affirmed by default, with costs.

George J. Hamill, Appellant, v. The Board of Education of Union Free School District No. 5 of the Village of Riverhead, in the County of Suffolk, Respondent.— Orders affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Josephine McTague, an Infant, by Hugh McTague, her Guardian ad Litem, Respondent, v. Arthur A. Dowst, Appellant.— Application for leave to appeal to the Court of Appeals denied.

In the Matter of D. Edgar Anthony, an Attorney.— Referee's report confirmed and order granted striking the name of D. Edgar Anthony from the roll of attorneys. Order granted allowing the expenses of the proceedings and directing their payment.

Clarence S. McClellan et al., Respondents, v. Naomi Duncombe, Appellant.— Motion for reargument denied.

William Murgatroyd, Respondent, v. The Town of Hempstead Gas and Electric Light Company, Appellant. Annie Murgatroyd, Respondent, v. The Town of Hempstead Gas and Electric Light Company, Appellant.— The motion for a reargument in these cases is based upon suppositions which have no foundation in fact. The record and briefs, with the cases cited, were carefully examined and considered. The evidence showed that gas manufactured by the defendant leaked into the plaintiffs' apartments from a meter put into a neighbor's premises by one of the defendant's collectors. We were of the opinion that the fact that the company had placed it in the collector's power to connect a meter with their service was some evidence of his authority to do what he did, notwithstanding his denial that he had any such authority; and that hence the question whether he acted within the scope of his employment was properly left to the jury by Mr. Justice Gaynor. Motion for reargument denied.

James W. Latourette and Others v. Abraham Latourette and Others. In the Matter of the Application of Charles T. Cowenhoven, Claimant and Appellant. Joseph B. Lewis and John L. Dailey, Claimants and Respondents.— Application for leave to appeal to the Court of Appeals denied on the ground that no such leave is necessary, the order which was reviewed herein being a final order in a special proceeding.